Mr. Robert M. Carr City Attorney City of Port Orange 125 N. Ridgewood Avenue Post Office Drawer 2140 Daytona Beach, Florida 32015
Dear Mr. Carr:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 WHETHER THE MAYOR OF THE CITY OF PORT ORANGE MAY SERVE SIMULTANEOUSLY ON THE BOARD OF A COMMUNITY DEVELOPMENT DISTRICT ESTABLISHED PURSUANT TO THE `UNIFORM COMMUNITY DEVELOPMENT DISTRICT ACT OF 1980,' CH. 190, F.S., WITHOUT VIOLATING THE CONSTITUTIONAL PROHIBITION AGAINST DUAL OFFICEHOLDING.
You state in your letter of inquiry that `a developer has annexed a tract of land consisting of approximately 700 acres into the City of Port Orange and is preparing a petition for the establishment of this parcel as a community development district' pursuant to Ch. 190, F.S., the `Uniform Community Development District Act of 1980.' Developers in the area have requested that the Mayor of Port Orange serve on the board of supervisors of the district. You have inquired as to whether the mayor may serve on such a board without violating the prohibition against dual officeholding contained in s 5, Art. II, State Const., or if serving in both capacities would create a conflict of interest which would preclude the mayor from voting on matters involving the community development district which may be brought before the city council. See, s 286.012, F.S. (1984 Supp.), which provides, inter alia, that no member of a municipal governmental board who is present at any meeting or any such body at which an official decision, ruling or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling or act except when there is or appears to be a possible conflict of interest under the provisions of ss 112.311, 112.313
or 112.3143, F.S. While the applicability of the constitutional dual officeholding prohibition to these factual circumstances will be addressed herein, any question regarding a conflict of interest should be submitted to the Commission on Ethics which is empowered to issue advisory opinions to public officers on such questions. See, s 112.322(2)(a), F.S.
The constitutional prohibition against dual officeholding is contained in s 5(a), Art. II, State Const., which states that:
 No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of employment under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (e.s.)
However, as stated in previous opinions of this office:
 [I]t has long been settled that officers of a special district or authority which has been created by statute to perform a special state or county function are not state, municipal, or county officers within the meaning of the Constitution.
See, e.g., AGO 75-60 (members of Hillsborough County Industrial Development Authority are not officers within purview of s 5(a), Art. II, State Const.). Accord: AGO's 69-49, 71-324, 73-47, 84-72.
Section 190.002(3), F.S. (1984 Supp.), states that it is the legislative purpose and intent to authorize a uniform procedure by general law to establish an independent special district as an alternative method to manage and finance basic services for community development. The definition of a community development district is contained in s 190.003(6), F.S. (1984 Supp.), which states that
 `Community development district' means a local unit of special-purpose government which is created pursuant to this act and limited to the performance of those specialized functions authorized by this act; the boundaries of which are contained wholly within a single county; the governing head of which is a body created, organized, and constituted and authorized to function specifically as prescribed in this act for the delivery of urban community development services; and the formation, powers, governing body, operation, duration, accountability, requirements for disclosure, and termination of which are as required by general law.
A community development district would appear to be a special district created by statute to perform a special state or county function as outlined in earlier opinions of this office and, under the rationale utilized in those opinions, officers of such a district would not be state, municipal or county officers within the purview of s 5(a), Art. II, State Const. Therefore, the Mayor of the City of Port Orange would not violate the prohibition against dual officeholding contained in s 5(a), Art. II, State Const., by serving as a member of the board of a community development district.
However, while it is my opinion that the provisions of s 5(a), Art. II, State Const., are not applicable to this situation, I would note that a public officer is prohibited by the common law from holding two incompatible offices at the same time, as a matter of public policy, in order to assure not only the actuality of undivided loyalty but also the appearance thereof. Seegenerally, 67 C.J.S. Officers s 27a. In this regard the issue is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other. Incompatibility exists where one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent or where the incumbent of one of the offices has the power of appointment as to the other office, or has the power to remove the incumbent of the other or to punish the other.
Pursuant to s 190.005(2)(e), F.S. (1984 Supp.), if the land in the area of the proposed community development district is within the territorial jurisdiction of a municipal corporation and is less than 1,000 acres in size, the petition for establishment of the district shall be filed by the petitioner with the municipal corporation. See, s 190.005(1)(a), F.S. (1984 Supp.), which sets forth information to be included in a petition for establishment of a community development district including a designation of the initial board of supervisors. A public hearing on the petition shall be conducted by the municipal governing body in accordance with the requirements and procedures described in s 190.005(1)(d), F.S. (1984 Supp.). The municipal governing body shall then consider the record of the public hearing and the factors described in s 190.005(1)(e), F.S., supra, in making its determination whether to adopt an ordinance granting the petition for the establishment of a community development district. Provided within the ordinance establishing the district shall be those matters set forth in s 190.005(1)(a), supra, which include `[a] designation of five persons to be initial members of the board of supervisors, who shall serve in that office until replaced by elected members as provided in s. 190.006.' And see, s190.006, F.S. (1984 Supp.), which sets forth, inter alia, procedures for electing members of the board of supervisors and terms of office for such members.
Your letter states that the Mayor of the City of Port Orange is a voting member of the city council. Pursuant to the provisions of s190.005(1) and (2), F.S., set forth above, the city council must consider the petition submitted for establishment of the community development district, conduct a public hearing thereon and ultimately either deny the petition or establish the district by adopting an ordinance granting the petition. It does not appear that the City Council of Port Orange would have any direct supervisory power over the board of supervisors of a community development district or that such a board would be subordinate to the city council or that the city council has the power to remove from office members of the board of supervisors. However, while s190.005(1)(a) requires that the petition for establishment of a community development district contain a designation of five persons to be the initial members of the district board of supervisors, it is the governing body of the municipality which, in creating the district by ordinance, vests the members of the board of supervisors with the authority to act as provided in Ch. 190, as amended. See, s 190.005(2)(d) stating that an ordinance establishing a community development district shall include the matters provided for in paragraph (1)(f); and s 190.005(1)(f)2. requiring that such ordinance `[n]ame five persons designated to be the initial members of the board of supervisors.'
In light of the above and in the absence of any judicial precedent on this point, I cannot state that the vesting of authority in or appointment of the Mayor of the City of Port Orange to the initial board of supervisors of the community development district by the city council in the creation of the district by ordinance would not violate the common law rule of incompatibility even though such designation was initially made in the petition presented to the city council.
In contrast, s 190.006(2), F.S. (1984 Supp.), provides that within ninety days following the effective date of the rule (ordinance) establishing the district, a meeting of the landowners of the district shall be held to elect five supervisors for the district. The plan for electing these members of the Board of supervisors for the community development district does not call for the approval or appointment of board members by the city council as is required for the establishment of the district pursuant to s190.005, F.S. Therefore, the simultaneous service by the Mayor of the City of Port Orange in that capacity and as a member of the board of supervisors elected by the landowners of the community development district pursuant to s 190.006, F.S., would not appear to violate the common law rule of incompatibility.
In sum, it is my opinion, until judicially or legislatively determined otherwise, that simultaneous service by the Mayor of the City of Port Orange on the board of a community development district established pursuant to Ch. 190, F.S., would not violate the constitutional prohibition against dual officeholding. However, as the City Commission of Port Orange must grant a petition for establishment of a community development district pursuant to s 190.005(2), F.S. (1984 Supp.), and by adopting an ordinance establishing the district effectively vests such board with the authority and power to act pursuant to Ch. 190, such simultaneous service by the mayor may, in effect, violate the common law prohibition against a public officer holding incompatible offices. Simultaneous service by the Mayor of the City of Port Orange on the board of supervisors of the community development district after having been elected to that position by the landowners of the district pursuant to s 190.006(2), F.S. (1984 Supp.), would not appear to violate the common law prohibition.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General